## CASE No. 1057.

### BENNETT v. SANDIFER.

In a trial *de novo* in the Circuit Court on appeal by the defendant from the judgment of a trial justice, the plaintiff is entitled to open and reply; and the denial of this right is appealable to this court.

Before THOMSON, J., Barnwell, October, 1880.

The opinion states the case.

July 18th, 1881. The opinion of the court was delivered by McGOWAN, A. J. This case was submitted without any argument on either side. The brief itself is very imperfect and perfunctory, but we gather from it that Miles Bennett sued Riley Sandifer in a trial justice court on an account of $36, the price of six thousand brick, at $6 per thousand, and got a verdict for $15, from which the defendant appealed to the Court of Common Pleas. When the case was reached on the call of the calendar, both sides insisted on the right to open and close. Judge Thomson denied this right to the plaintiff and accorded it to the defendant, for whom the jury found. The plaintiff appeals to this court and moves for a new trial, on the ground of error in the said ruling of the Circuit judge.

The general rule certainly is that the plaintiff who makes a claim shall have the opening and reply, unless the defendant shall admit the plaintiff's cause by the pleadings and take upon himself the burden of proof, under Rule 59 of the Circuit Court Rules, p. 32. We see nothing tending to show that such was the course here. Does it alter the case that this was an appeal from a trial justice court, in which the defendant was the appellant? The same rule above cited, also declares that "on all motions or special matters, either springing out of a cause or otherwise, *the actor or party submitting the same to the court,* should, in like manner, begin and close."

It does not appear upon what ground the judge accorded the position of "actor" to the defendant. We are not informed as to the character of the defence, whether it was simply a denial of the plaintiff's account, payment of it, or a counter claim. It does, however, appear that the case involved more than $10, and that it was submitted to a jury; and we, therefore, infer that the appeal was upon an issue of fact and "not upon a question of law only," which would have carried it before the judge on the evidence taken below. Assuming, then, that it was *an issue of fact*, the effect of defendant's appeal was simply to give *a new trial in the Circuit Court. Code*, § 369. In such case the process originally issued, but not the evidence taken below, shall be returned to the court above, and the "issue shall be tried in the same manner as in actions commenced in the Circuit Court." *Code, 4th subdiv.*, § 383. Although this trial "*de novo*," was the effect of defendant's appeal, the plaintiff was still the "actor" and entitled to open and close his case. How else could the case be tried? Such is necessarily the practice in *all new trials* as in *original trials*, upon the universal principle that he who affirms must prove, and that no one can be required to prove a negative.

Whether the ruling complained of was such an error of the law as may be corrected on appeal to this court, is not so clear. There is a class of rulings which must necessarily be left to the discretion of the Circuit judge, such as continuing cases, granting further time to answer, &c. There are others not final, but administrative in character, which are not appealable to this court. The amendment of the code (15 *Stat.* 868), gives this court the right to review final judgment, and any intermediate order "*necessarily affecting the judgment*." It is not always easy to decide whether a ruling necessarily affects the judgment. It is especially difficult if it does not touch directly the question of law or fact constituting the cause of action or the defence, but is one of those rulings made in the progress of a case relating to its conduct and the order of proceeding falling under the general head of practice. Can we say that it would "necessarily affect the judgment," whether the plaintiff or defendant had the opening and reply? Yet the right is considered, by those who know best, as of great consequence. Orders may be made as to the mode of

·trying a case, which would as certainly "affect the judgment" as if they related directly to the law and evidence involved.

In the case of *Blakely & Copeland* v. *Frazier*, 11 *S. C.* 134, this court held that a defendant had the right to have the venue changed to the county where he resided, and that the refusal to grant an application for that purpose was an error in a matter involving a substantial right material to his defence, and appealable. The court says: "The jurisdiction of this court extends to all appeals from intermediate orders and final judgments in actions where such order or judgment involves the merits. 15 *Stat.* 868. An order involving merely the exercise of discretion on the part of the court making it, is not appealable, as error of law cannot be alleged as against such an order. 1 *Wait's Pr.* 465. When, however, the order affects a substantial right, necessarily affecting the judgment, it must be regarded as affecting the merits. The term *'merits'* is not very clearly defined. It certainly embraces more than the questions of law and fact, constituting the cause of action or defence. As it regards the principle of construction, the necessary means of attaining an end stand upon the same grounds of privilege as the end itself. * * * Whatever can be regarded as affecting the necessary means of obtaining a judgment, must be regarded as affecting the judgment itself."

We think the general rule which gives to the plaintiff the opening and reply "in actions commenced in the Circuit Courts" should have been held to apply to "*the new trial*"—the mode provided by the law to give to the appellant the benefit of his appeal. Such is the usual course in ordinary new trials. The ruling deprived the plaintiff of a substantial right material to his case, and thereby necessarily affecting the judgment. *Johnson* v. *Wideman, Dud.* 327 ; *Brown* v. *Kirkpatrick*, 5 *S. C.* 268.

The judgment of this court is, that the judgment of the Circuit Court be reversed and the case remanded to that court for a new trial.

SIMPSON, C. J., and McIVER, A. J., concurred.